RECEIVED US ATTORNEY DISTRICT OF RI 2007 JUL 19 A 11:03

STATE OF RHODE ISLAND
PROVIDENCE, S.C.

SUPERIOR COURT

EDWARD A. IANNUCCILLI
AND JOSEPH DIMASE

VS.

C.A. NO 2007-3609

JOSEPH MOLLICONE, JR.; and
JOYCE MOLLICONE; and SOVEREIGN BANK and
RHODE ISLAND DEPOSITOR'S
ECOMONIC PROTECTION CORP.; and
RUMFORD CREDIT SERVICES; and
INTERNAL REVENUE SERVICE – UNITED STATES OF AMERICA

## COMPLAINT

NOW COMES Edward P. Iannuccilli, a resident of Bristol, RI and Joseph DiMase, a resident of Warwick, RI *(hereinafter known as the "Plaintiffs")* and hereby brings the following Complaint against Joseph Mollicone, Jr. and Joyce Mollicone *(hereinafter known as "Defendants")*;

1. That upon information and belief, Defendants Joseph Mollicone, Jr. and Joyce Mollicone are residents of the City of Providence, County of Providence, and State of Rhode Island; and
2. That the Plaintiffs and Defendant, Joseph Mollicone, Jr. were seized and possessed as Tenants in Common by Deed from Bayside Medical Center Company, a general partnership, dated May 24, 1985 and recorded October 30, 1985 in Book 11 at page 284 (*see attached Exhibit A*), the following described real estate:

The following premises in BAYSIDE MEDICAL CENTER BUILDING CONDOMINIUM, in Providence, State of Rhode Island, created by Declaration of Condominium recorded May 24, 1985 at 4:01 p.m. in the Records of Land Evidence in Providence, Rhode Island, as said Declaration may be amended, as Unit No. L01

Together with an undivided 5.0 percentage interest in the Common Elements of said Condominium appurtenant to said Unit and together with the rights and easements appurtenant to said Unit as set forth therein as any or all of the above may be amended from time to time.

3. That Defendant, Joseph Mollicone, Jr. then conveyed his one-third interest to Joseph Mollicone, Jr. and Joyce Mollicone, as Joint Tenants by the Entirety, by deed dated November 5, 1996 and recorded in Book 2322 at page 293 with the Providence Recorder of Deeds and corrected by Deed dated July 7, 1999 and recorded July 26, 1999 in Book 4143 at page 315 with the Providence Recorder of Deeds (*see attached Exhibit B*); and
4. That at the time of the filing of this Complaint, Plaintiffs are seized and possessed as owners in fee simple of an undivided two-thirds interest.
5. That said parcel is encumbered by a mortgage and assignment of rents in the amount of $192,500.00 from Plaintiffs and Defendant, Joseph Mollicone, Jr.; said mortgage and assignment given to Eastland Savings Bank by instrument dated October 30, 1985 and recorded in Book 11 at page 286 which was then further assigned to Sovereign Bank by Fleet National Bank f/k/a Fleet National Bank of Connecticut, assignee of FDIC, Receiver for Eastland Savings Bank dated May 21, 2001 and recorded June 28, 2001 in Book 4740 at page 308 with the Providence Recorder of Deeds (*see attached Exhibit C*); and
6. That there exists a Federal Tax Lien filed $4,895,077.68 against the one-third interest of Joseph Mollicone, Jr. as per District Court Serial Number CT-RI 69856138 and levied against the premises described in Paragraph 2 hereof and recorded on October 22, 1998 in Book 3922 at page 320 with the Providence Recorder of Deeds (*see attached Exhibit F*); and
7. That there exists a Federal Tax Lien in the amount of $12,103,064.18 filed against the one-third interest of Joseph Mollicone, Jr. as per District Court Serial Number CT-RI 69856140 and levied against the premises described in Paragraph 2 hereof and recorded on October 22, 1998 in Book 3922 at page 321 with the Providence Recorder of Deeds (*see attached Exhibit G*); and
8. That there exists an Execution in the amount of $91,856,863.85 filed against the one-third interest of Joseph Mollicone, Jr. as per Case No. PC 90-8564, and levied against said premises described in Paragraph 2 and recorded by the Rhode Island Depositor's Economic Protection Corp. in Book 4936 at page 216 with the Providence Recorder of Deeds (*see attached Exhibit D*); and

9. That there exists an Execution in the amount of $788.73 filed against the one-third interest of Joseph Mollicone, Jr. as per Case No. 96-8668, and levied against said premises described in Paragraph 2 hereof and recorded by Rumford Credit Services in Book 4936 at page 218 with the Providence Recorder of Deeds (*see attached Exhibit E*); and

10. That your Plaintiffs aver that the rights of the parties in interest can best be preserved by partition of the aforementioned parcel of real estate and that said partition is for the best interest of said parties.

11. That owing to the matter of the aforesaid parcel of real estate and the conflicting interests therein, it is impracticable and inexpedient to make partition by metes and bounds and that, therefore, partition of the aforesaid parcel of real estate should be made by sale for the benefit of the parties in interest owing to their respective interests in said real estate; that said parcel of real estate cannot be equitably divided among said parties by metes and bounds and that this Honorable Court make due provision for proceeds of said sale.

12. That your Plaintiffs have expended funds in the care, improvement and preservation of the property described in Paragraph 2 hereof. That the care, improvement and preservation of said property by the Plaintiffs has enhanced the value of the real property described in Paragraph 2 hereof. The care, improvement and preservation of said property was undertaken by your Plaintiffs in good faith.

WHEREFORE, Plaintiffs pray that this Honorable Court order, adjudge and decree:

1. That the Plaintiffs be awarded, from the proceeds of the sale of the property described in Paragraph 2 hereof, reimbursement of its expenditures and disbursements in connection with its care and preservation and improvement of the property described in Paragraph 2 hereof.

2. That the respective interests of the parties to this action in the real property described in Paragraph 2 hereof be determined.

3. That partition be made in the parcel of real estate described in Paragraph 2 hereof, with all the buildings and improvements thereon, according to the respective interest of the Plaintiffs and the Defendants by sale.

4. That a Commissioner be appointed to make partition by sale of the aforesaid parcel of real estate described in Paragraph 2 hereof of this Complaint; that the rights of the parties be determined and that the proceeds of sale be distributed or invested in accordance with such determination of such right, after deduction of the costs, attorney's fees and Commissioner's fees expended in this action.

5. That the Commissioner be authorized to make sale of said premises either at public auction or by private sale, and execute and deliver a valid deed to the purchaser or purchasers thereof, and to collect the proceeds of sale and to determine and report to this Court and to the persons entitled and interested in said premises, and also as to their relative proportions.

6. That the Commissioner be authorized to institute all legal proceedings to clear the title, and for the removal of all encumbrances thereon in order to make said title marketable.

7. That the Defendants be enjoined and restrained from assigning, transferring, or alienating any and all rights and interests in and to said property until further order of this Honorable Court.

8. That the Plaintiffs have such other and further relief as to this Court may deem meet and proper.

Edward A. Iannuccilli

Joseph D. DiMase

Attorney for Plaintiffs:

Karenann McLoughlin, Esq.
Law Offices of Ronald C Markoff
144 Medway Street
Providence, RI 02906
Reg. No. 3637
(401) 272-9330

STATE OF RHODE ISLAND
COUNTY OF Providence

In Providence June on the 28th day of 2007, before me personally appeared Edward A. Iannuccilli, to me known and known by me to be a party who signed this Complaint and he made oath that the facts contained therein so far as stated upon him knowledge are true and so far as stated upon information are true to his best information and belief.

Marguerite A. North
Notary Public
My Commission Expires: 7/08/09

STATE OF RHODE ISLAND
COUNTY OF Providence

In Providence, June on the 28th day of 2007, before me personally appeared Joseph D. DiMasé, to me known and known by me to be a party who signed this Complaint and he made oath that the facts contained therein so far as stated upon him knowledge are true and so far as stated upon information are true to his best information and belief.

Marguerite A. North
Notary Public
My Commission Expires: 7/08/09