**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDWARD A. IANNUCCILLI and JOSEPH DIMASE,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH MOLLICONE, JR.; and JOYCE MOLLICONE; and SOVEREIGN BANK and RHODE ISLAND DEPOSITOR'S ECONOMIC PROTECTION CORP.; and RUMFORD CREDIT SERVICES; and INTERNAL REVENUE SERVICE - UNITED STATES OF AMERICA,<br><br>Defendants. | ) | Case No. 07-312-ML<br>Honorable Mary M. Lisi<br>Referral Judge: Honorable David L. L. Martin |

RECEIVED
AUG 29 2008
U.S. DISTRICT COURT
DISTRICT OF R.I.

**STIPULATION AND AGREED ORDER ALLOWING FOR THE SALE OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS ACTION AND PARTIAL ESCROW OF <u>PROCEEDS PENDING RESOLUTION OF THE ACTION</u>**

Now comes the plaintiffs EDWARD A. IANNUCCILLI AND JOSEPH DIMASE, and the defendants, JOYCE HEIMBECKER (f.k.a. JOYCE MOLLICONE), and the UNITED STATES OF AMERICA, having the desire to effect a sale of the real property that is the subject of this action, which is generally known as 235 Plain Street- Unit LL01, Providence, Rhode Island (the "Property"), and which is more particularly described in paragraph 2 of plaintiffs' complaint, and to place one-sixth (1/6th) of the net proceeds of such sale in escrow pending the result of this lawsuit, hereby Stipulate and Agree to the following:

1. The parties agree that the Property shall be sold to Hippocrates Realty Associates, LLC, a Rhode Island Limited Liability Company ("Buyer"), whose mailing address is C/O Bruce Wolpert, Esq., 10 Dorrance Street, Providence, RI 02903, as soon as practicable after the entry of this Stipulation and Agreed Order by the Court for the amount of $575,000, and under the terms provided in a Purchase and Sale Agreement dated April 9, 2008, which has been signed by plaintiffs and Kathleen Bowling, M.D. and Gary Wharton, M.D., and supplemented by this Stipulation and Agreed Order.

2. Plaintiffs desire to sell the Property to Buyer. In order to facilitate this sale, it is agreed that in exchange for the certificate of discharge, described below, discharging the liens of the United States that encumber defendant Joseph Mollicone's alleged one-third (1/3) interest in the Property (one half (1/2) of which is claimed by the defendant Joyce Mollicone to be owned by her), one-sixth (1/6) of the net proceeds from the sale of the Property shall be paid to the United States Treasury, and one-sixth (1/6) of such proceeds

(the "Fund") shall be delivered to counsel for Plaintiffs, the Law Offices of Ronald Markoff ("Escrow Agent"), as escrow agent to protect the interests of the United States in said Fund by virtue of the liens described herein and in the plaintiffs' complaint and the United States' answer; this Fund shall be held by the Escrow Agent subject to the liens and claims of the United States in the same manner and with the same priority as such liens and claims had with respect to the discharged Property.

3. The United States of America shall prepare a certificate of discharge releasing the Property from the force and effect of its liens on the Property for the tax liabilities of Joseph Mollicone, Jr., and shall deliver to the Escrow Agent the executed certificate of discharge of the Property; however, the Escrow Agent agrees not to release to any person, including but not limited to the plaintiffs, and/or file the certificate of discharge, until it has sent by facsimile prior to closing, a copy of the final sales documents for review and final approval by the United States Department of Justice, Tax Division, and has further, received written confirmation from the Tax Division that the United States agrees to the terms and conditions of the sale.

4. Once the Escrow Agent has received cash or a certified check representing the net proceeds from the sale of the Property and has received written approval from the United States Department of Justice, Tax Division, acquiescing to the terms of the sale, the Escrow Agent shall release the certificates of discharge for recording with Providence Recorder of Deeds.

5. Once the Escrow Agent receives cash or a certified check representing the net proceeds from the sale of the Property, the Escrow Agent shall pay one-sixth (1/6) of the net proceeds to the United States Treasury, and shall arrange for the deposit of one-sixth (1/6) of the net proceeds from the sale of the Property ("the Fund") in an insured money market account.

6. Once deposited in an insured money market account, the Fund, and any interest earned on the Fund, shall be held by the Escrow Agent subject to the liens and claims of the United States in the same manner and with the same priority as such liens and claims had with respect to the discharged Property and shall so remain in such account until further order of this Court.

7. If any term in this Stipulation and Agreed Order conflicts with the terms of the Purchase and Sale Agreement dated April 9, 2008, the terms of this Stipulation and Agreed Order shall control.

8. The discharge of the United States' liens described in paragraph 3, above, does not discharge the liens of the United States on any other property or rights to property belonging to the defendant Joseph Mollicone, Jr., and the liens shall remain in full force and effect upon all other property and rights to property belonging to Mr. Mollicone.

9. If for any reason the Property is not sold and conveyed to Hippocrates Realty Associates, LLC, in accordance with the terms and conditions contained herein, within forty-five (45)

days of the entry of this Stipulation and Agreed Order, the Escrow Agent shall return any certificates of discharge given by the United States, and such certificates of discharge shall be considered null and void.

10. The term "net proceeds from the sale of the Property," wherever used in this stipulation, shall mean the proceeds from the sale of the Property after reduction for (1) the payoff of the mortgage dated October 30, 1985, and recorded at Book 11, Page 286, with the Providence Recorder of Deeds, originally given to Eastland Savings Bank, and subsequently assigned through Fleet Bank to Sovereign Bank; (2) unpaid condominium fees with respect to the Property; (3) state and local real property and transfer taxes payable at the closing; and (4) any other closing costs which the United States Department of Justice, Tax Division agrees in writing can be deducted from the defendant Joseph Mollicone's alleged one-third (1/3) share of the proceeds.

Karenann McLoughlin, Esquire
Law Offices of Ronald C. Markoff
144 Medway Street
Providence, RI 02906
(401) 272-9330

[signature]
Attorney for Plaintiffs and Escrow Agent

James E. Brown, Esquire
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 307 6053

[signature]
Attorney for Defendant the United States of America

Katherine J. McAllister, Esquire
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300

[signature]
Attorney for Defendant Joyce Heimbecker (f.k.a. Joyce Mollicone)

**IT IS SO ORDERED**

Dated: September 5, 2008

[signature]
HONORABLE MARY M. LISI
United States District Judge



3529167.1